IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY PAUL WILSON,                              CV. 05-1455-HA

           Plaintiff,                        ORDER

    v.

DR. JOHN VARGO, M.D. and OREGON
DEPARTMENT OF CORRECTIONS,

           Defendants.

HAGGERTY, District Judge.

    This 42 U.S.C. § 1983 comes before the court on defendants'
Motion to Dismiss [10].  Defendants argue that: (1) the Eleventh
Amendment bars all claims against them; and (2) the court should
abstain from accepting jurisdiction because plaintiff has raised
claims involving an identical set of facts which are currently at
issue in his state habeas corpus action.  For the reasons set forth
below, all claims against the Oregon Department of Corrections are
DISMISSED, and plaintiff's claims for compensatory and punitive

1 - ORDER

damages against Dr. Vargo are STAYED pending the outcome of plaintiff's state court action.

## BACKGROUND

Plaintiff alleges that on September 20, 2003, he sat on a needle in his cell at the Oregon State Penitentiary, and the needle became embedded in his left buttock. He claims the infirmary staff was unable to remove the needle, and his request for treatment at an outside hospital was denied.

Plaintiff proceeded to file a state habeas corpus action in which he challenged the constitutionality of his confinement, as well as the adequacy of the medical care at his prison. In so doing, plaintiff raised the same medical claim in his state habeas proceeding which he has presented to this court in this 42 U.S.C. § 1983 action. Specifically, plaintiff alleges that defendants have been deliberately indifferent to his serious medical need in violation of the constitutional prohibition against cruel and unusual punishment. He asks both the state habeas court and this court for an order requiring defendants to provide the medical attention necessary to remove the needle. Unique to this federal case, plaintiff also seeks unspecified compensatory and punitive damages.

## STANDARDS

Dismissal is appropriate if plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A

complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the complaint and any attached exhibits. Id at 1484. Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. Id. From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

**DISCUSSION**

I.   **Eleventh Amendment Immunity.**

"It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." Savage v. Glendale Union High School, 343 F.3d 1036, 1040 (9th Cir. 2003). Because the Oregon Department of Corrections is a state agency which has

3 - ORDER

not clearly and unequivocally waived its immunity, plaintiff's claim against this defendant is barred by the agency's sovereign immunity.  See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).

Eleventh Amendment immunity also extends to individuals acting in their official capacities as agents of the State.  Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). Defendants argue that plaintiff is attempting to sue Dr. Vargo in his official capacity, therefore Dr. Vargo is also protected by the Eleventh Amendment.  The court disagrees.

Nowhere in plaintiff's Complaint does he purport to sue Dr. Vargo in his official capacity.  The form § 1983 complaint which plaintiff filled out asks him for the full name of each defendant as well as "his/her official position, and his/her place of employment."  Complaint [2], p. 3.  Plaintiff's compliance with these requirements does not indicate his intent to sue Dr. Vargo in his official capacity.  Although plaintiff does not specifically state that he sues Dr. Vargo in his individual capacity, construing plaintiff's Complaint liberally, the court concludes that plaintiff seeks relief against Dr. Vargo in his individual capacity. Dismissal of plaintiff's claims against this defendant is therefore not appropriate.

///

///

4 - ORDER

II.  **<u>Younger Abstention</u>.**

Defendants next argue that by taking jurisdiction over plaintiff's § 1983 claims, the court would improperly interfere with his ongoing state habeas corpus action which raises a medical claim which is based on the identical facts underlying his medical claim in this 42 U.S.C. § 1983 action.  In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that in the context of a pending state criminal prosecution, federal courts should abstain from enjoining those proceedings absent extraordinary circumstances.  <u>Id</u> at 53.  The Court later extended <u>Younger's</u> abstention doctrine to civil proceedings, <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592 (1975), and state administrative proceedings. <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423 (1982).  In <u>Middlesex</u>, the Court held that three requirements must be met before a federal court abstains from hearing a case over which it has jurisdiction: (1) there must be pending or ongoing state proceedings which are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise any constitutional issues.  <u>Id</u> at 432.

Plaintiff does not dispute that, with the assistance of counsel, he has an ongoing state habeas corpus proceeding in the Marion County Circuit Court in which he raises this same claim regarding the defendants' allegedly deliberate indifference to a

serious medical need.  Although the habeas trial court initially dismissed this claim *sua sponte*, the Oregon Court of Appeals reversed this decision and remanded the case for a hearing on the merits.  <u>Wilson v. Belleque</u>, 200 Or.App. 554, 114 P.3d 544 (2005). Thus, the first and third prongs of the <u>Younger</u> test are easily met.

The court must next consider whether the state habeas action involves an important enough state interest to warrant abstention by this court.  Abstention in a civil case is appropriate "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." <u>Pennzoil Co. v. Texaco, Inc</u>., 481 U.S. 1, 11 (1987).  The State of Oregon has a substantial interest in how its prisons are run and how its inmates are treated.  It also has a substantial interest in the resolution of cases pending in its courts without interference from a federal court based on a plaintiff's desire to litigate the same claim in two separate courts.  The court therefore finds that <u>Younger's</u> second prong is met.

One other consideration remains, however.  "[T]he District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." <u>Deakins v. Monaghan</u>, 484 U.S. 193, 202 (1988).  In Oregon, the habeas corpus remedy does not allow a petitioner to obtain monetary

damages.  Cf. Keenan v. Hall, 202 Or.App. 571, 123 P.3d 812 (2005) (inmate's transfer to another institution moots his state habeas medical claim because the relief available (improved medical care at the particular institution) was no longer attainable after the transfer).  Accordingly, plaintiff's claim for injunctive relief must be dismissed, and the court must stay his claims for compensatory and punitive damages pending the resolution of his state habeas corpus proceedings.

## CONCLUSION

Defendants' Motion to Dismiss [10] is GRANTED IN PART and DENIED IN PART.  All claims against defendant Oregon Department of Corrections are DISMISSED.  Plaintiff's Eighth Amendment claims seeking injunctive relief against defendant Vargo are also DISMISSED.  Plaintiff's remaining Eighth Amendment claims seeking compensatory and punitive damages against Dr. Vargo are STAYED.

Counsel for defendants shall file a status report with the court every 60 days which details the progress of plaintiff's state habeas corpus action.  When that action is final, and any appeals which may be taken have concluded, the court will lift the stay in this case.

IT IS SO ORDERED.

DATED this ____3___ day of April, 2006.


_____/s/Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge

7 - ORDER