IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY PAUL WILSON,                      CV. 05-1455-HA

          Plaintiff,              ORDER TO DISMISS

   v.

JOHN VARGO, M.D.,

          Defendant.

HAGGERTY, District Judge.

On September 20, 2005, plaintiff filed a 42 U.S.C. § 1983 Complaint in which he alleges that he sat on a sewing needle in his prison cell, embedding the needle in his gluteal tissue. Plaintiff asserts that defendant refused to authorize his transport to an outside hospital for the removal of the sewing needle, and that this inaction constituted deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On August 31, 2006, defendant filed his Unenumerated 12B Motion to Dismiss for Failure to Exhaust [21], and this Motion is currently before the court. Defendant's Motion to Dismiss prompted the court to issue plaintiff a Rule 12 notice as required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). In response, plaintiff

1 - OPINION AND ORDER

expanded the record with the timely filing of a declaration which the court received on January 12, 2007. After consideration of all the evidence before it, the court grants defendant's Motion to Dismiss.

## STANDARDS

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner does not satisfy the PLRA's exhaustion requirement by merely demonstrating that administrative remedies are no longer available. Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006). Instead, he must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. The exhaustion requirement is mandatory, even when the prisoner seeks relief not available in grievance proceedings. Porter v. Nussle, 534 U.S. 516, 524 (2002).

When deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice. Id at 1120.

## DISCUSSION

The Oregon Department of Corrections ("ODOC") has established an administrative review procedure whereby inmates must first attempt to resolve disputes with staff through face-to-face verbal communication and then a written inmate communication form.  OAR 291-109-0120(2)(a)(A)(B).  If face-to-face or written communication does not resolve the dispute, inmates may file a written grievance. OAR 291-109-0140(1)(a).  The grievance will be forwarded to the appropriate staff person for a response.  OAR 291-109-0140(4).  If the inmate is not satisfied with the response he receives, he may appeal by filing a grievance appeal form.  OAR 291-109-1040(5)(a)(A).  The appeal is then forwarded to the functional unit manager for review and response.  Id.  The inmate may appeal the functional unit manager's response by filing a grievance appeal form with the assistant director.  OAR 291-109-0140(5)(b)(A).  The assistant director's decision is final and is not subject to further review.  OAR 291-109-0140(5)(b)(D).

In support of his contention that plaintiff failed to exhaust his claim, defendant relies on the affidavit of Aaron Bales, the Grievance Coordinator at the Oregon State Penitentiary.  Defendant's Exhibit 101.  In his affidavit, Bales attests that "[he has] made a thorough search of [his] records and do[es] not find any grievances filed by Inmate Wilson and none regarding his health care related to sitting on a sewing needle."  Id at Exhibit 101, p. 3.

3 - OPINION AND ORDER

In response, plaintiff declares that he: (1) engaged in face-to-face communication with infirmary staff on September 20, 2003 regarding the sewing needle lodged in his body; and (2) sent a written inmate communication to infirmary staff on September 21, 2003 advising that the needle was moving away from the surface and causing pain. Plaintiff's Sworn Declaration in Response to Defendants' Unenumerated Motion to Dismiss [29], pp. 1-2.

Taking plaintiff's Declaration as true, his actions satisfy only the preliminary administrative review requirement that he first attempt to resolve disputes through face-to-face verbal communication and then a written communication form. See OAR 291-109-0120(2). Nowhere does plaintiff contend that he actually submitted a written grievance regarding his claim. To the contrary, he admits that "[he] did not file a written grievance against defendant Vargo concerning his failure to allow [plaintiff] to be transported to a local hospital emergency room on the night of September 20, 2003." Plaintiff's Sworn Declaration in Response to Defendant's Unenumerated 12B Motion to Dismiss for Failure to Exhaust (#29), p. 3.

Plaintiff argues that the inmate grievance procedure either does not or should not apply to his claim because: (1) he did not believe that he could file a formal grievance against defendant Vargo because he seeks to sue him in his individual capacity; (2) filing such a grievance would have been futile because the prison could not have granted him the relief he sought; and (3)

during the 30 day period in which he had to file a formal grievance, his primary concern was getting the needle removed from his body, and he feared that by filing a formal grievance he might receive diminished medical care, or possibly no treatment for his injury at all.  Id at 3-4.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, ____ S.Ct. ____, 2007 WL 135890 (U.S.) (citing Porter, 534 U.S. at 524).  As noted above, even when a prisoner seeks relief not available in grievance proceedings exhaustion is a prerequisite to bringing suit.  Porter, 534 U.S. at 524.  Because exhaustion is mandatory, and as plaintiff did not attempt to avail himself of the formal grievance process offered by ODOC, the court cannot excuse plaintiff's failure to exhaust his available administrative remedies.  Accordingly, defendants' Motion to Dismiss is granted and plaintiff's Complaint is dismissed without prejudice.

## CONCLUSION

Based on the foregoing, defendant's Unenumerated 12B Motion to Dismiss for Failure to Exhaust [21] is GRANTED and plaintiff's Complaint [2] is dismissed without prejudice.

IT IS SO ORDERED.

DATED this  1    day of February, 2007.


                           /s/ Ancer L. Haggerty
                          Ancer L. Haggerty
                          United States District Judge